Steven J. Brock, Esq., SBN 241870
steven@sjbinc.net; sjbinclaw@gmail.com
LAW OFFICES OF STEVEN JAY BROCK, INC., APLC
14071 Peyton Drive, Suite 430
Chino Hills, CA 91709
Telephone: (909) 627-8190
Facsimile: (909) 474-8880

Attorneys for Plaintiffs
JERONIMO RODRIGUEZ
JOSEPH HILTNER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JERONIMO RODRIGUEZ; JOSEPH HILTNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal corporation;  Chief of Police Charlie BECK, in his official and individual capacity;  Assistant Chief of Police Earl PAYSINGER, in his official and individual capacity; Deputy Chief Jorge VILLEGAS, in his official and individual capacity;  Deputy Chief Kirk ALBANESE; in his official and individual capacity; and DOES 1-10, Inclusive,<br><br>Defendants. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**1. 42 U.S.C. SECTION 1983** (Violation of Civil Rights, Racial Discrimination)<br>**2. 42 U.S.C. SECTION 1983** (Violation of the 1st and 14th Amendments of U.S. Constitution Freedom of Speech Religion, and Association)<br>**3. 42 U.S.C. SECTION 1983** (Violation of the 5th and 14th Amendments of U.S. Constitution Denial of Due Process)<br>**4. VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("R.I.C.O.")** (18 U.S.C. § 1961 et seq.)<br>**5. CONSPIRACY TO VIOLATE R.I.C.O.** (18 U.S.C. § 1961 et seq.)<br>**6. CONSPIRACY TO VIOLATE 42 U.S.C. SECTION 1983** |

COMES NOW, JERONIMO RODRIGUEZ and JOSEPH HILTNER, who file this COMPLAINT FOR DAMAGES, DEMAND A JURY TRIAL, and seek monetary compensation and injunctive plus declaratory relief against DEFENDANTS on each of the following causes of action:

i

# I.

## PREFATORY

1.      This complaint is for monetary damages and other relief for violations of Jeronimo Rodriguez's and Joseph Hiltner's Constitutional Rights to be free from racial discrimination, harassment, and retaliation, and Constitutional Rights to freedom of speech and association as codified as a civil rights violation under 42 U.S.C. Section 1983, for violations of the Racketeer Influenced and Corrupt Organization Act ("R.I.C.O.") (18 U.S.C. § 1961 *et seq*.), and for conspiracy to violate R.I.C.O. and 42 U.S.C. Section 1983.  At all times relevant, Plaintiffs worked as Police Captains for Defendants.

# II.

## JURISDICTION AND VENUE

2.      Plaintiffs' action is authorized by 42 U.S.C. section 1983, which provides for redress for the deprivation, under color of state law, of rights secured by the Constitution and the laws of the United States.  Jurisdiction is conferred on this Court by 28 U.S.C. section 1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. section 1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. section 1343(4), providing for the protection of civil rights and the Racketeer Influenced and Corrupt Organization ACT ("R.I.C.O.")(18 U.S.C. §§ 1961, *et seq*.).   This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. sections 2201 and 2202.  Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the City of Los Angeles, County of Los Angeles, all within the Central District.

# III.

## PARTIES

3.      PLAINTIFF JERONIMO RODRIGUEZ (hereinafter "PLAINTIFF(S)" or "RODRIGUEZ") was at all times herein a resident of the County of Los Angeles,

1 State of California, and an employee in the City and County of Los Angeles, State of
2 California for DEFENDANTS.

3 4.    PLAINTIFF JOSEPH HILTNER (hereinafter "PLAINTIFF(S)" or
4 "HILTNER") was at all times herein a resident of the County of Los Angeles, State of
5 California, and an employee in the City and County of Los Angeles, State of
6 California for DEFENDANTS.

7 5.    PLAINTIFFS were at all relevant times herein, employees of the CITY OF
8 LOS ANGELES and DOES 1-10 (hereinafter "DEFENDANT(S)" or "CITY").

9 6.    CITY is a duly constituted municipal corporation operating under the laws of
10 the State of California, under the Charter of the City of Los Angeles, wholly situated
11 in the County of Los Angeles.  The Los Angeles Police Department (hereinafter
12 "LAPD") is an operating department of DEFENDANT CITY.

13 7.    DEFENDANT CHARLIE BECK (hereinafter "DEFENDANT(S)" or "CHIEF
14 BECK") was at all relevant times the CHIEF OF POLICE for DEFENDANT CITY
15 and LAPD.  In doing the things alleged herein, CHIEF BECK acted within the course
16 and scope of his employment, and as an official policy-maker and decision-maker for
17 CITY.  As a Department Head, CHIEF BECK is vested with policy-making authority
18 over actions such as the ones at issue in this complaint.

19 8.    DEFENDANT EARL PAYSINGER (hereinafter "DEFENDANT(S)" or
20 "CHIEF PAYSINGER") was at all relevant times an ASSISTANT CHIEF OF
21 POLICE for DEFENDANT CITY and LAPD.  In doing the things alleged herein,
22 CHIEF PAYSINGER acted within the course and scope of his employment, and as an
23 official policy-maker and decision-maker for CITY.  As a Department Head, CHIEF
24 PAYSINGER is vested with policy-making authority over actions such as the ones at
25 issue in this complaint.

26 9.    DEFENDANT JORGE VILLEGAS (hereinafter "DEFENDANT(S)" or
27 "CHIEF VILLEGAS") was at all relevant times a DEPUTY CHIEF OF POLICE for
28 DEFENDANT CITY and LAPD.  In doing the things alleged herein, CHIEF

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

2

1  VILLEGAS acted within the course and scope of his employment, and as an official

2  policy-maker and decision-maker for CITY.  As a Department Head, CHIEF

3  VILLEGAS is vested with policy-making authority over actions such as the ones at

4  issue in this complaint.

5  10.    DEFENDANT KIRK ALBANESE (hereinafter "DEFENDANT(S)" or "CHIEF

6  ALBANESE") was at all relevant times a DEPUTY CHIEF OF POLICE for

7  DEFENDANT CITY and LAPD.  In doing the things alleged herein, CHIEF

8  ALBANESE acted within the course and scope of his employment, and as an official

9  policy-maker and decision-maker for CITY.  As a Department Head, CHIEF

10  ALBANESE is vested with policy-making authority over actions such as the ones at

11  issue in this complaint.

12  11.    DEFENDANT DOES 1-10 are not fully known or identified at this time.  On

13  information and belief, PLAINTIFFS alleges that each DOE is in some manner

14  responsible for the wrongs alleged herein, and that each such DEFENDANT advised,

15  encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts

16  alleged herein.  PLAINTIFFS also alleges that DOE DEFENDANTS had supervisory

17  authority, management authority, official policy making authority, and official

18  decision making authority, and DOE DEFENDANTS acted unlawfully as  individuals

19  or within the course and scope of employment.  When the true names and capacities

20  of said DEFENDANTS become known, PLAINTIFFS will seek relief to amend this

21  complaint to show their true identities in place of their fictitious names as DOES 1-

22  10.

23  12.    DEFENDANTS, and each of them, were the agent(s), employee(s) and

24  servant(s) of every other DEFENDANT.  DEFENDANTS acted in the course and

25  scope of said agency, service and employment at all relevant times.

26  13.    DEFENDANTS, and each of them, were the agent(s), employee(s) and

27  servant(s) of every other DEFENDANT.  At all times relevant, DEFENDANTS and

28  individual DEFENDANTS also acted outside the course of employment but while in

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

COMPLAINT FOR DAMAGES

1  the workplace or an extension of DEFENDANTS' workplace.

2  14.     DEFENDANTS, and each of them, acted independently, individually, and in

3  concert with each and eery other DEFENDANT concerning the acts and omissions

4  against or involving PLAINTIFFS, and as further alleged herein.

5                                    **IV.**

6              **FACTS COMMON TO ALL CAUSES OF ACTION**

7  15.     JERONIMO RODRIGUEZ is a Hispanic male, over 40 years of age, and had

8  worked for DEFENDANTS for more than 20 years.

9  16.     At all times relevant, RODRIGUEZ worked as a Captain of the LAPD for

10  DEFENDANTS.

11  17.     RODRIGUEZ'S work history with DEFENDANTS included promotions,

12  special assignments and positions, and supervisory/management positions.

13  18.     Since approximately August 2012, DEFENDANTS' actions against

14  RODRIGUEZ were because of his race/national origin, sex/gender, speech,

15  association and because of RODRIGUEZ'S complaints of discrimination and

16  DEFENDANTS singled RODRIGUEZ out for adverse employment actions and other

17  wrongful actions.

18  19.     RODRIGUEZ was a trusted employee and had been promoted to and held

19  employment positions of trust with DEFENDANTS.

20  20.     RODRIGUEZ was subjected to disciplinary actions, suspensions without pay,

21  suspensions with pay but without work, demoted, sent home, denied work, denied

22  overtime opportunities, denied work opportunities, involuntarily transferred,

23  involuntarily assigned to menial and demeaning assignments, denied equal access and

24  rights to and of DEFENDANTS' policies, procedures and opportunities, denied pay

25  and benefits of employment, and forced to resign.

26  21.     RODRIGUEZ was subjected to adverse employment and other actions by

27  DEFENDANTS, denied work and benefits of work although similarly situated

28  non-Hispanic and non-male employees were allowed to work, continued to work, or

                                    4

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1   were not subjected to such adverse treatment, discrimination, harassment, or
2   retaliation.

3   22.    DEFENDANTS' also violated RODRIGUEZ'S rights and took adverse actions
4   against RODRIGUEZ which were contrary to DEFENDANTS' policies, procedures,
5   past practices, and the law.

6   23.    At all times relevant, RODRIGUEZ was able and willing to perform his regular
7   work for DEFENDANTS.  Notwithstanding, DEFENDANTS denied RODRIGUEZ
8   his regular work as a Captain of the Foothill Division and for the LAPD.

9   24.    RODRIGUEZ was also denied specific policy benefits by DEFENDANTS
10  although similarly situated non-Hispanic and non-male employees were provided
11  those policy benefits and allowed to work.

12  25.    RODRIGUEZ continued to be subjected to disciplinary actions, denial of civil
13  rights, denial of administrative rights, negative counseling, and denial of work.
14  DEFENDANTS continued this course of action against RODRIGUEZ after his
15  complaints of discrimination, harassment, and retaliation because of race/national
16  origin, sex/gender, speech, association and complaints and opposition to such
17  unlawful and adverse actions.

18  26.    RODRIGUEZ'S continued requests to return to work under DEFENDANTS'
19  own policies through a Board of Rights Hearing (hereinafter "BOR"),  and according
20  to lawful means were denied, and DEFENDANTS conspired to and did deny
21  PLAINTIFF such work and benefits of work on numerous occasions.

22  27.    On information and belief, DEFENDANTS conspired to and did corruptly
23  endeavor to influence, obstruct and impede the due administration of justice, and
24  prevent the communication of information relating to violations of law by
25  intimidating, threatening and corruptly persuading witnesses and BOR members, and
26  to influence and direct the specific findings of the BOR official proceedings.  These
27  actions were in direct violation of R.I.C.O. and violated RODRIGUEZ'S
28  Constitutional due process rights.

28.     DEFENDANTS continued to deny RODRIGUEZ work and RODRIGUEZ has suffered financial losses, reputation injuries, medical injuries, and other employment opportunities.  These denials by DEFENDANTS were based on RODRIGUEZ'S race/national origin, sex/gender, speech, association and complaints and opposition to such unlawful and adverse actions.

29.     RODRIGUEZ complained of DEFENDANTS wrongdoing, filed complaints, sought administrative remedies, and was denied remedies and as a result of RODRIGUEZ'S complaints and his opposition to discrimination and retaliation, DEFENDANTS have taken adverse employment actions, other wrongful actions, and retaliation against RODRIGUEZ.

30.     JOSEPH HILTNER is a male, over 40 years of age, and had worked for DEFENDANTS for more than 34 years.

31.     At all times relevant, HILTNER worked as a Captain and the Commanding Officer of the Foothill Division of LAPD and for DEFENDANTS.

32.     Since approximately August 2012, HILTNER had been subjected to disciplinary actions, suspensions without pay, suspensions with pay but without work, demoted, sent home, denied work, denied overtime opportunities, denied work opportunities, denied equal access and rights to and of DEFENDANTS' policies, and denied pay and benefits of employment.

33.     HILTNER'S work history with DEFENDANTS included promotions, special assignments and positions, and supervisory/management positions.

34.     HILTNER was a trusted employee and had been promoted to and held employment positions of trust with DEFENDANTS.

35.     DEFENDANTS' adverse employment actions against HILTNER were because HILTNER opposed DEFENDANTS' wrongful actions against RODRIGUEZ including racial discrimination, harassment, and retaliation by DEFENDANTS.

36.     DEFENDANTS' also violated HILTNER'S rights and took adverse actions against HILTNER which were contrary to DEFENDANTS' policies, procedures, past

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1  practices, and the law.

2  37.    At all times relevant, HILTNER was able and willing to perform his regular
3  work for DEFENDANTS.  Notwithstanding, DEFENDANTS conspired to and did
4  deny HILTNER his regular work as Commanding Officer of the Foothill Division of
5  LAPD.

6  38.    Since approximately August 2012, HILTNER was denied work and benefits of
7  work although similarly situated employees were allowed to work under similar or
8  more egregious situations.

9  39.    Since approximately August 2012, HILTNER was also denied specific policy
10 benefits by DEFENDANTS although similarly situated employees were provided
11 those policy benefits and allowed to work.

12 40.    HILTNER continued to be subjected to disciplinary actions, denial of civil
13 rights, denial of administrative rights, negative counseling, and denial of work.
14 DEFENDANTS continued this course of action against HILTNER after his
15 opposition to and complaints of discrimination, harassment, and retaliation because of
16 HILTNER'S support of RODRIGUEZ.

17 41.    HILTNER'S continued requests to return to work under DEFENDANTS' own
18 policies through appropriate grievance procedures and according to lawful means, but
19 DEFENDANTS conspired to and denied HILTNER such work and benefits of work
20 in violation of DEFENDANTS' own policies and the law.

21 42.    On information and belief, DEFENDANTS conspired to and did corruptly
22 endeavor to influence, obstruct and impede the due administration of justice, and
23 prevent the communication of information relating to violations of law by
24 intimidating, threatening and corruptly persuading witnesses and administrators of the
25 grievance proceedings, to influence and direct the specific findings of the grievance's
26 official proceedings.  These actions were in direct violation of R.I.C.O. and violated
27 HILTNER'S Constitutional due process rights.

28 43.    DEFENDANTS continued to deny HILTNER work and HILTNER has

7

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1  suffered financial losses, reputation injuries, medical injuries, and other employment
2  opportunities.  These denials by DEFENDANTS were based on HILTNER'S
3  opposition of the racial discrimination, harassment, and retaliation towards
4  RODRIGUEZ by DEFENDANTS.

5  44.    HILTNER complained of DEFENDANTS wrongdoing, filed complaints,
6  sought administrative remedies, and was denied remedies and as a result of
7  HILTNER'S complaints and his opposition to discrimination and retaliation,
8  DEFENDANTS have taken adverse employment actions, other wrongful actions, and
9  retaliation against HILTNER.

10                                                    V.

11                                   FIRST CAUSE OF ACTION

12                                   42 U.S.C. SECTION 1983

13                    (VIOLATION OF CIVIL RIGHTS TO BE FREE FROM RACIAL

14                    DISCRIMINATION, HARASSMENT, AND RETALIATION)

15                                   AGAINST ALL DEFENDANTS

16  45.    PLAINTIFFS repeat and re-allege each and every allegation set forth above,
17  and incorporates same by reference as though set forth fully herein.

18  46.    PLAINTIFFS are protected employees, who are not supposed to be
19  discriminated against as guaranteed by Title VII of the Civil Rights Act of 1964 (42
20  U.S.C. § 2000e et. seq.), the California Constitution (Cal. Const., art. I § 31), the
21  Unruh Civil Rights Act (Cal. Civ. Code. § 51 et. seq.), and California Government
22  Code Section 12940(a).  PLAINTIFFS were protected employees who engaged in
23  protected activities: complaining about harassment, discrimination, and/or retaliation,
24  who were then subjected to adverse employment actions in retaliation for reporting
25  and/or opposing the misconduct.  DEFENDANTS are all "employers" under Title VII
26  of the Civil Rights Act and the Fair Employment and Housing Act. 42 U.S.C. §
27  2000e; California Government Code Section 12926(d).

28  47.    An employer may not discriminate in compensation, terms, conditions, or

privileges of employment based on race/national origin or sex/gender. PLAINTIFFS were subjected to this adverse treatment in the form of termination, layoff, demotion, job detriments, lack of promotion, denial of continued employment, counseling and other discipline including the suspension from work, unpaid leave, denial of benefits, ostracism, denial of days off, denial of special assignments, denial of training, denial of opportunities for overtime, negative evaluations, reassignments, retaliation, and other acts and conduct by DEFENDANTS as further described herein. PLAINTIFFS were discriminated against in the manners set out above, and harassed as shown above after opposing discriminatory practices and/or harassment by DEFENDANTS.

48.     There was a causal connection between the race/national origin, sex/gender, speech, association and of RODRIGUEZ'S complaints of discrimination and the adverse treatment by DEFENDANTS.  RODRIGUEZ'S race/national origin, sex/gender, speech, association and RODRIGUEZ'S complaints of discrimination were factors in the employer's decisions and conduct, when viewing the totality of the circumstances, including singling out RODRIGUEZ for adverse employment actions and retaliation when similarly situated other employees were not.  There was a causal connection between the race/national origin, sex/gender, speech, and association of HILTNER'S co-worker RODRIGUEZ and the adverse treatment by DEFENDANTS against HILTNER.  HILTNER'S opposition to and complaints of the discrimination of RODRIGUEZ by DEFENDANTS were factors in the employer's decisions and conduct, when viewing the totality of the circumstances, including singling out HILTNER for adverse employment actions and retaliation when similarly situated other employees were not

49.     There is a causal link between the PLAINTIFFS opposition to discriminatory practices and activities, and the adverse actions taken by DEFENDANTS against PLAINTIFFS.

50.     Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.), the California Constitution (Cal. Const., art. I § 31), the Unruh Civil Rights Act (Cal.

9

1  Civ. Code. § 51 et. seq.), and California Government Code section 12940(h) make it
2  unlawful for any employer, labor organization, employment agency, or person to
3  discharge, expel, or otherwise discriminate against any person because the person has
4  opposed any practices forbidden under this part or because the person has filed a
5  complaint, testified, or assisted in any proceeding under this section (discrimination,
6  harassment, or retaliation).   Moreover, it is illegal to harass an employee under
7  California Government Code Section 12940(j)(1). The employer and individuals who
8  pursue such harassment (such as threatening to take disciplinary action against
9  employees who have filed claims of discrimination, harassment or retaliation) may be
10  personally liable.  California Government Code Section 12940(j)(3). DEFENDANTS
11  discriminated, harassed, and retaliated against PLAINTIFFS in violation of the law.
12  51.      PLAINTIFFS were subjected to discrimination, harassment, and retaliation
13  based on race/national origin, sex/gender, speech, association and PLAINTIFFS'
14  complaints of discrimination and adverse treatment by DEFENDANTS when
15  DEFENDANTS targeted PLAINTIFFS for the adverse actions and other conduct
16  described herein and for singling out PLAINTIFFS for such adverse conduct and
17  selective application of policies and rules; treating other similarly situated  employees
18  more favorably under similar situations; making false accusations against
19  PLAINTIFFS; failing to protect PLAINTIFFS' rights and safety; improper comments
20  against PLAINTIFFS; initiation of false complaints; denied overtime; denied work
21  assignments; unjustified counseling; unjustified written reprimands; negative and/or
22  unfavorable evaluations; ostracism in the workplace; initiating unjustified
23  disciplinary investigations; initiating and creating negative rumors about
24  PLAINTIFFS' conduct; refusal of supervisors to stop wrongdoing; retaliation for
25  PLAINTIFFS' complaints of wrongdoing and opposition to discrimination and
26  retaliation; and, other conduct alleged herein.
27  52.      After PLAINTIFFS reported and opposed discrimination, harassment, and
28  retaliation in the workplace by DEFENDANTS and DEFENDANTS' agents,

LAW OFFICES OF
STEVEN J43 BROCK, INC.
A Professional Law Corporation

1   PLAINTIFFS were subjected to retaliation from DEFENDANTS, as described herein

2   in the form of discrimination and retaliation and harassment conduct and actions

3   against PLAINTIFFS.  These retaliatory acts included but were not limited to:

4   singling out PLAINTIFFS for such conduct, making false accusations against

5   PLAINTIFFS, failing to protect PLAINTIFFS' rights and safety, improper comments;

6   initiation of false complaints; denied overtime; denied work assignments; unjustified

7   counseling; unjustified written reprimands; negative and/or unfavorable evaluations;

8   ostracism in the workplace; initiating unjustified disciplinary investigations; initiating

9   and creating negative rumors about PLAINTIFFS' conduct; refusal of supervisors to

10  stop wrongdoing; retaliation for PLAINTIFFS' complaints of wrongdoing and

11  opposition to discrimination and retaliation, and other conducted alleged herein.

12  53.    As a legal result of the above-described conduct of DEFENDANTS,

13  PLAINTIFFS have sustained and will continue to sustain financial losses, severe

14  physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright,

15  nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings,

16  mental suffering, shock, humiliation and indignity, as well as other unpleasant

17  physical, mental, and emotional reactions, damages to good name, reputation,

18  standing in the community, and other non-economic damages.

19  54.    As a further legal result of the above-described conduct of DEFENDANTS,

20  PLAINTIFFS were required, and/or in the future may be required, to engage the

21  services of health care providers, and incurred or will incur expenses for medicines,

22  health care appliances, modalities, and/or other related expenses in a sum to be

23  ascertained according to proof.

24  55.    As a further legal result of the above-described conduct of DEFENDANTS,

25  PLAINTIFFS were and will be hindered, prevented, and/or precluded from

26  performing PLAINTIFFS' usual activities, school work, education, and occupation,

27  causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and

28  earning capacity, and other economic damages, in an amount to be ascertained

1  according to proof.

2  56.  As a further legal result of the above-described conduct of DEFENDANTS,

3  PLAINTIFFS suffered general, incidental, consequential, and/or special and

4  exemplary damages, in an amount according to proof.

5  57.  As a further legal result of the above-described conduct of DEFENDANTS,

6  PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount

7  according to proof.

8  58.  Further, in doing the things alleged herein, the individual DEFENDANTS

9  acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,

10  reckless, and callous disregard of PLAINTIFFS' rights and to the injurious

11  consequences likely to result from a violation of said rights, and as such punitive

12  damages are sought against the individual DEFENDANTS, according to proof.

13  **VI.**

14  **SECOND CAUSE OF ACTION**

15  **42 U.S.C. SECTION 1983**

16  **(VIOLATION OF CIVIL RIGHTS GUARANTEED BY THE FIRST**

17  **AMENDMENT TO THE UNITED STATES CONSTITUTION'S FREEDOM**

18  **OF RELIGION, SPEECH, AND ASSOCIATION)**

19  **AGAINST ALL DEFENDANTS**

20  59.  PLAINTIFFS repeat and re-allege each and every allegation set forth above,

21  and incorporates same by reference as though set forth fully herein.

22  60.  As a direct result of PLAINTIFFS exercising their constitutional rights to

23  freedom of association guaranteed by the 1st Amendment to the U.S. Constitution,

24  DEFENDANTS retaliated against PLAINTIFFS as described herein.  Absent said

25  protected assembly, PLAINTIFFS would not have suffered adverse employment

26  actions by DEFENDANTS, and would not have been injured.

27  61.  The various acts of intimidation, reprisal, retaliation, suppression and/or

28  restraint exercised by DEFENDANTS against PLAINTIFFS has created a chilling

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1   effect on their, and the public's, legitimate political, social, and organizational

2   interests by creating fear, hesitation, hostility and other destructive responses in

3   PLAINTIFFS and other members of the public.

4   62.     In doing the things alleged herein, DEFENDANTS, and each of them, violated

5   the rights of PLAINTIFFS secured under the First and Fourteenth Amendments to the

6   United States Constitution's freedom of association and freedom of speech.

7   63.     Specifically, DEFENDANTS have taken the aforementioned action against

8   PLAINTIFFS in direct retaliation for, and in response to the various constitutionally

9   protected activities of PLAINTIFFS.

10   64.     The acts and omissions of DEFENDANTS, and each of them, were done by

11   DEFENDANTS under color of state law in their capacities as employees of a

12   government entity.

13   65.     The acts and omissions described above were taken by DEFENDANTS as law

14   enforcement providers, authorized, funded, and regulated by DEFENDANTS to

15   provide law enforcement services to citizens of the City of Los Angeles, patrons of

16   the City of Los Angeles, and PLAINTIFFS.  It was or should have been plainly

17   obvious to DEFENDANTS that the acts and omissions of DEFENDANTS as alleged

18   herein, taking singly or in conjunction, directly violated and continued to violate

19   PLAINTIFFS' clearly established constitutional and statutory rights.

20   66.     As a legal result of the above-described conduct of DEFENDANTS,

21   PLAINTIFFS have sustained and will continue to sustain financial losses, severe

22   physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright,

23   nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings,

24   mental suffering, shock, humiliation and indignity, as well as other unpleasant

25   physical, mental, and emotional reactions, damages to good name, reputation,

26   standing in the community, and other non-economic damages.

27   67.     As a further legal result of the above-described conduct of DEFENDANTS,

28   PLAINTIFFS were required, and/or in the future may be required, to engage the

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

COMPLAINT FOR DAMAGES

1    services of health care providers, and incurred or will incur expenses for medicines,

2    health care appliances, modalities, and/or other related expenses in a sum to be

3    ascertained according to proof.

4    68.    As a further legal result of the above-described conduct of DEFENDANTS,

5    PLAINTIFFS were and will be hindered, prevented, and/or precluded from

6    performing PLAINTIFFS' usual activities, school work, education, and occupation,

7    causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and

8    earning capacity, and other economic damages, in an amount to be ascertained

9    according to proof.

10    69.    As a further legal result of the above-described conduct of DEFENDANTS,

11    PLAINTIFFS suffered general, incidental, consequential, and/or special and

12    exemplary damages, in an amount according to proof.

13    70.    As a further legal result of the above-described conduct of DEFENDANTS,

14    PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount

15    according to proof.

16    71.    Further, in doing the things alleged herein, the individual DEFENDANTS

17    acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,

18    reckless, and callous disregard of PLAINTIFFS' rights and to the injurious

19    consequences likely to result from a violation of said rights, and as such punitive

20    damages are sought against the individual DEFENDANTS, according to proof.

**VII.**

**THIRD CAUSE OF ACTION**

**42 U.S.C. SECTION 1983**

**(VIOLATION OF CIVIL RIGHTS GUARANTEED BY THE FIFTH AND**

**FOURTEENTH AMENDMENTS TO THE UNITED STATES**

**CONSTITUTION DENIAL OF DUE PROCESS)**

**AGAINST ALL DEFENDANTS**

28    72.    PLAINTIFFS repeat and re-allege each and every allegation set forth above,

14

1    and incorporates same by reference as though set forth fully herein.

2    73.    The Due Process Clause of the Fifth and Fourteenth Amendments to the U.S.

3    Constitution prohibit DEFENDANTS from depriving any person of life, liberty, or

4    property without do process of the law.

5    74.    PLAINTIFFS have a substantial property right and substantial property interest

6    in holding their offices with DEFENDANTS as provided by section 1070(a) of the

7    Los Angeles City Charter and under California state law as provided by Cal. Penal

8    Code § 830 et. seq.

9    75.    DEFENDANTS conspired to and intentionally denied PLAINTIFFS fair and

10   impartial hearings by a Board of Rights (hereinafter "BOR") as guaranteed by the Los

11   Angeles City Charter before being subjected to demotions, and other adverse actions

12   or omissions by DEFENDANTS.

13   76.    DEFENDANTS influenced the procedural aspects of the Board of Rights

14   hearings improperly on several occasions, effectively denying the impartial hearings

15   that PLAINTIFFS were entitled to, and/or entitled to participate on.

16   77.    On information and belief, DEFENDANTS threatened and intimidated

17   previously selected BOR members to withdraw which negated the fairness,

18   impartialness, and due process aspects of the BOR hearings.

19   78.    On information and belief, DEFENDANTS contacted sitting BOR members

20   and directed specific findings and punishment in direct violation of DEFENDANTS'

21   own policies as prescribed by the Los Angeles City Charter.

22   79.    As a result of DEFENDANTS improper influence and intimidation, the

23   constitutionally flawed BOR hearings, and constitutionally flawed internal grievance

24   procedures, PLAINTIFFS were constructively discharged, denied rights, and suffered

25   damages.

26   80.    On information and belief, DEFENDANTS routinely influenced, threatened,

27   intimidated, and punished BOR members to manipulate and ensure the proceedings

28   resulted as DEFENDANTS intended and demanded.

81.    In doing the things alleged herein, DEFENDANTS, and each of them, violated the rights of PLAINTIFFS secured under the Fifth and Fourteenth Amendments to the United States Constitution to due process of the law.

82.    Specifically, DEFENDANTS have taken the aforementioned action against PLAINTIFFS in direct retaliation for, and in response to the various constitutionally protected activities of PLAINTIFF.

83.    The acts and omissions of DEFENDANTS, and each of them, were done by DEFENDANTS under color of state law in their capacities as employees of a government entity.

84.    The acts and omissions described above were taken by DEFENDANTS as law enforcement providers, authorized, funded, and regulated by DEFENDANTS to provide law enforcement services to citizens of the City of Los Angeles, patrons of the City of Los Angeles, and PLAINTIFFS.  It was or should have been plainly obvious to DEFENDANTS that the acts and omissions of DEFENDANTS as alleged herein, taking singly or in conjunction, directly violated and continued to violate PLAINTIFFS' clearly established constitutional and statutory rights.

85.    As a legal result of the above-described conduct of DEFENDANTS, PLAINTIFFS have sustained and will continue to sustain financial losses, severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings, mental suffering, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to good name, reputation, standing in the community, and other non-economic damages.

86.    As a further legal result of the above-described conduct of DEFENDANTS, PLAINTIFFS were required, and/or in the future may be required, to engage the services of health care providers, and incurred or will incur expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1   87.   As a further legal result of the above-described conduct of DEFENDANTS,

2 PLAINTIFFS were and will be hindered, prevented, and/or precluded from

3 performing PLAINTIFFS' usual activities, school work, education, and occupation,

4 causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and

5 earning capacity, and other economic damages, in an amount to be ascertained

6 according to proof.

7   88.   As a further legal result of the above-described conduct of DEFENDANTS,

8 PLAINTIFFS suffered general, incidental, consequential, and/or special and

9 exemplary damages, in an amount according to proof.

10   89.   As a further legal result of the above-described conduct of DEFENDANTS,

11 PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount

12 according to proof.

13   90.   Further, in doing the things alleged herein, the individual DEFENDANTS

14 acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,

15 reckless, and callous disregard of PLAINTIFFS' rights and to the injurious

16 consequences likely to result from a violation of said rights, and as such punitive

17 damages are sought against the individual DEFENDANTS, according to proof.

18 **VIII.**

19 **FOURTH CAUSE OF ACTION**

20 **42 U.S.C. SECTION 1983**

21 **(FOR VIOLATION OF RACKETEER INFLUENCED AND CORRUPT**

22 **ORGANIZATION ACT (R.I.C.O.) [18 U.S.C. § 1961 et seq.])**

23 **AGAINST ALL INDIVIDUAL DEFENDANTS**

24   91.   PLAINTIFFS repeat and re-allege each and every allegation set forth above,

25 and incorporates same by reference as though set forth fully herein.

26   92.   PLAINTIFFS and INDIVIDUAL DEFENDANTS are each "persons," as the

27 term is defined in 18 U.S.C. § 1961(3).

28   93.   At all relevant times, in violation of 18 U.S.C. § 1962(c), DEFENDANTS

17

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

1  engaged and/or participated, directly and/or indirectly, in the affairs of an association-
2  in-fact enterprise identified herein, the affairs of which affected interstate commerce
3  through a pattern of racketeering activity.

4  94.    DEFENDANTS, by and through their own conduct and participation and/or
5  through their associations in fact, engaged and/or participated in, directly or
6  indirectly, a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1).  Such
7  racketeering activity includes, but is not limited to, violation on at least two occasions
8  of 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 1510 (obstruction of
9  criminal investigations), 18 U.S.C. § 1512 (witness tampering), and 18 U.S.C. § 1513
10 (retaliating against a witness), beginning on or about 2012 through the present by,
11 among other things, using their positions of power to improperly and corruptly
12 influence the due administration of justice, willfully obstructing and preventing the
13 communication of information relating to violation of criminal statutes, knowingly
14 using intimidation and corruptly persuading other persons with the intent to influence,
15 delay, or prevent testimony in an official proceeding, knowingly taking action
16 harmful to persons, with the intent to retaliate, for providing law enforcement officers
17 with truthful information, and providing false statements to authorities concerning
18 DEFENDANTS' activities.

19 95.    DEFENDANTS' association in fact with another, and their continued conduct
20 as it relates to the LAPD, constitutes an "enterprise" within the meaning of R.I.C.O.
21 Further, courts have consistently held that Police Departments are properly classified
22 as "enterprises," within the meaning of R.I.C.O.

23 96.    PLAINTIFFS are informed and believe that many members of the enterprise
24 were involved in the continuing coordination of activities between the individual
25 DEFENDANTS and the enterprise.  As to each individual DEFENDANT, there was a
26 common communication network by which information concerning the Enterprise
27 was exchanged on a regular basis.  Typically this communication occurred by the use
28 of electronic mail, text message, telephone, or in person in which DEFENDANTS

18

1   planned, conspired, and coordinated the operation of the Enterprise and racketeering

2   activities alleged herein.

3   97.     On information and belief, many of the precise dates of DEFENDANTS'

4   R.I.C.O. racketeering predicate acts of violations of 18 U.S.C. § 1503 (obstruction of

5   justice), 18 U.S.C. § 1510 (obstruction of criminal investigations), 18 U.S.C. § 1512

6   (witness tampering), and 18 U.S.C. § 1513 (retaliating against a witness), have been

7   hidden and cannot be specifically alleged without access to the individual

8   DEFENDANTS' records.  Indeed, an essential part of the successful operation of the

9   conspiracy to violate R.I.C.O alleged herein depended upon secrecy, and hiding

10  behind their positions of power, and DEFENDANTS took deliberate steps to conceal

11  their wrongdoing and to pressure and influence members of the enterprise to not

12  reveal information learned or revealed to them by unlawful means.  PLAINTIFFS

13  have however described herein more than two occasions on which the R.I.C.O.

14  predicate acts of obstruction of justice, obstruction of criminal investigations, witness

15  tampering, and retaliating against witnesses and how those acts were in furtherance of

16  the conspiracy and enterprise.

17  98.     DEFENDANTS' illegal conduct and wrongfully corrupt practices were carried

18  out by an array of employees, as well as co-conspirators.

19  99.     Under the provisions of 18 U.S.C. § 1964(c), the individual DEFENDANTS

20  are jointly and severally liable to PLAINTIFFS for three times the damages that

21  PLAINTIFFS have sustained, plus the costs of bringing this suit, including

22  reasonable attorney's fees.

23  100.   As a legal result of the individual DEFENDANTS' racketeering activities as

24  described herein, PLAINTIFFS suffered injury to their business and property interests

25  in an amount to be proven at trial.

26  101.   As a legal result of the above-described conduct of DEFENDANTS,

27  PLAINTIFFS have sustained and will continue to sustain financial losses, severe

28  physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright,

19

1  nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings,

2  mental suffering, shock, humiliation and indignity, as well as other unpleasant

3  physical, mental, and emotional reactions, damages to good name, reputation,

4  standing in the community, and other non-economic damages.

5  102.   As a further legal result of the above-described conduct of DEFENDANTS,

6  PLAINTIFFS were required, and/or in the future may be required, to engage the

7  services of health care providers, and incurred or will incur expenses for medicines,

8  health care appliances, modalities, and/or other related expenses in a sum to be

9  ascertained according to proof.

10  103.   As a further legal result of the above-described conduct of DEFENDANTS,

11  PLAINTIFFS were and will be hindered, prevented, and/or precluded from

12  performing PLAINTIFFS' usual activities, school work, education, and occupation,

13  causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and

14  earning capacity, and other economic damages, in an amount to be ascertained

15  according to proof.

16  104.   As a further legal result of the above-described conduct of DEFENDANTS,

17  PLAINTIFFS suffered general, incidental, consequential, and/or special and

18  exemplary damages, in an amount according to proof.

19  105.   As a further legal result of the above-described conduct of DEFENDANTS,

20  PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount

21  according to proof.

22  106.   Further, in doing the things alleged herein, the individual DEFENDANTS

23  acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,

24  reckless, and callous disregard of PLAINTIFFS' rights and to the injurious

25  consequences likely to result from a violation of said rights, and as such punitive

26  damages are sought against the individual DEFENDANTS, according to proof.

27  / / /

28

LAW OFFICES OF
STEVEN JAY BROCK, INC
A Professional Law Corporation

# IX.

## FIFTH CAUSE OF ACTION

### (FOR CONSPIRACY TO VIOLATE R.I.C.O. [18 U.S.C. § 1961 et seq.])

### AGAINST ALL INDIVIDUAL DEFENDANTS

107.   PLAINTIFFS repeat and re-allege each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

108.   PLAINTIFFS are informed and believe and thereon allege that the individual DEFENDANTS, and each of them, conspired and agreed among themselves to violate 18 U.S.C. § 1962 and conduct themselves in such an unlawful manner as set forth in the Fourth Cause of Action above.

109.   PLAINTIFFS are informed and believe and thereon allege that the individual DEFENDANTS, and each of them, further agreed to violate said statute for the purpose of destroying and/or diminishing PLAINTIFFS' business and financial interests and to otherwise injure PLAINTIFFS.

110.   PLAINTIFFS are informed and believe and thereon allege that the individual DEFENDANTS, and each of them, did the acts alleged herein pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

111.   PLAINTIFFS are informed and believe and thereon allege that each of the individual DEFENDANTS furthered the conspiracy by cooperation with, and/or lent aid and encouragement to, and/or ratified and adopted the acts alleged herein of, each of the other DEFENDANTS.  Each of the DEFENDANTS is therefore liable for all the acts, omissions, and/or breaches of the others, all of which were done in furtherance of the conspiracy and for the benefit of any or all of the co-conspirators.

112.   PLAINTIFFS are informed and believe and thereon allege that the individual DEFENDANTS continue through the present to commit overt acts in furtherance of the above-described conspiracy.  As a proximate result of this conspiracy and agreement, PLAINTIFFS have been damaged, and continue to be damaged, in an amount to be proven at trial.

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

113.   As a legal result of the above-described conduct of DEFENDANTS,
PLAINTIFFS have sustained and will continue to sustain financial losses, severe
physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright,
nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings,
mental suffering, shock, humiliation and indignity, as well as other unpleasant
physical, mental, and emotional reactions, damages to good name, reputation,
standing in the community, and other non-economic damages.

114.   As a further legal result of the above-described conduct of DEFENDANTS,
PLAINTIFFS were required, and/or in the future may be required, to engage the
services of health care providers, and incurred or will incur expenses for medicines,
health care appliances, modalities, and/or other related expenses in a sum to be
ascertained according to proof.

115.   As a further legal result of the above-described conduct of DEFENDANTS,
PLAINTIFFS were and will be hindered, prevented, and/or precluded from
performing PLAINTIFFS' usual activities, school work, education, and occupation,
causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and
earning capacity, and other economic damages, in an amount to be ascertained
according to proof.

116.   As a further legal result of the above-described conduct of DEFENDANTS,
PLAINTIFFS suffered general, incidental, consequential, and/or special and
exemplary damages, in an amount according to proof.

117.   As a further legal result of the above-described conduct of DEFENDANTS,
PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount
according to proof.

118.   Further, in doing the things alleged herein, the individual DEFENDANTS
acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,
reckless, and callous disregard of PLAINTIFFS' rights and to the injurious
consequences likely to result from a violation of said rights, and as such punitive

22

1    damages are sought against the individual DEFENDANTS, according to proof.

2                                            **X.**

3                           **SIXTH CAUSE OF ACTION**

4             **(FOR CONSPIRACY TO VIOLATE PLAINTIFFS'**

5                 **CIVIL RIGHTS [42 U.S.C. SECTION 1983])**

6                        **AGAINST ALL DEFENDANTS**

7    119.   PLAINTIFFS repeat and re-allege each and every allegation set forth above,

8    and incorporates same by reference as though set forth fully herein.

9    120.   PLAINTIFFS are informed and believe and thereon allege that the individual

10   DEFENDANTS, and each of them, conspired and agreed among themselves to violate

11   42 U.S.C. § 1983 and conduct themselves in such an unlawful manner as set forth in

12   the First, Second, and Third Causes of Action above.

13   121.   PLAINTIFFS are informed and believe and thereon allege that the individual

14   DEFENDANTS, and each of them, further agreed to violate said statutes for the

15   purpose of destroying and/or diminishing PLAINTIFFS' business and financial

16   interests and to otherwise injure PLAINTIFFS because of PLAINTIFFS'

17   constitutionally protected statuses and activities.

18   122.   PLAINTIFFS are informed and believe and thereon allege that the individual

19   DEFENDANTS, and each of them, did the acts alleged herein pursuant to, and in

20   furtherance of, the conspiracy and agreement alleged above.

21   123.   PLAINTIFFS are informed and believe and thereon allege that each of the

22   individual DEFENDANTS furthered the conspiracy by cooperation with, and/or lent

23   aid and encouragement to, and/or ratified and adopted the acts alleged herein of, each

24   of the other DEFENDANTS.  Each of the DEFENDANTS is therefore liable for all

25   the acts, omissions, and/or breaches of the others, all of which were done in

26   furtherance of the conspiracy and for the benefit of any or all of the co-conspirators.

27   124.   PLAINTIFFS are informed and believe and thereon allege that the individual

28   DEFENDANTS continue through the present to commit overt acts in furtherance of

1    the above-described conspiracy. As a proximate result of this conspiracy and

2    agreement, PLAINTIFFS have been damaged, and continue to be damaged, in an

3    amount to be proven at trial.

4    125. As a legal result of the above-described conduct of DEFENDANTS,

5    PLAINTIFFS have sustained and will continue to sustain financial losses, severe

6    physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright,

7    nervousness, grief, anxiety, worry, shame, mortification, insomnia, injured feelings,

8    mental suffering, shock, humiliation and indignity, as well as other unpleasant

9    physical, mental, and emotional reactions, damages to good name, reputation,

10    standing in the community, and other non-economic damages.

11    126. As a further legal result of the above-described conduct of DEFENDANTS,

12    PLAINTIFFS were required, and/or in the future may be required, to engage the

13    services of health care providers, and incurred or will incur expenses for medicines,

14    health care appliances, modalities, and/or other related expenses in a sum to be

15    ascertained according to proof.

16    127. As a further legal result of the above-described conduct of DEFENDANTS,

17    PLAINTIFFS were and will be hindered, prevented, and/or precluded from

18    performing PLAINTIFFS' usual activities, school work, education, and occupation,

19    causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and

20    earning capacity, and other economic damages, in an amount to be ascertained

21    according to proof.

22    128. As a further legal result of the above-described conduct of DEFENDANTS,

23    PLAINTIFFS suffered general, incidental, consequential, and/or special and

24    exemplary damages, in an amount according to proof.

25    129. As a further legal result of the above-described conduct of DEFENDANTS,

26    PLAINTIFFS have and will continue to incur attorneys' fees and costs in an amount

27    according to proof.

28    130. Further, in doing the things alleged herein, the individual DEFENDANTS

LAW OFFICES OF
STEVEN JAY BROCK, INC
A Professional Law Corporation

1  acted with malicious intent to violate PLAINTIFFS' rights, or at least in conscious,

2  reckless, and callous disregard of PLAINTIFFS' rights and to the injurious

3  consequences likely to result from a violation of said rights, and as such punitive

4  damages are sought against the individual DEFENDANTS, according to proof.

## XI.

## PRAYER

7  131.   WHEREFORE, Plaintiffs pray:

8       1.   For general, special, and exemplary damages according to proof;

9       2.   For punitive damages against the individual DEFENDANTS only,

10         according to proof;

11      3.   For treble damages as provided in 18 U.S.C. § 1964(c), and otherwise as

12         permitted by law;

13      3.   For costs of suit as provided in 18 U.S.C. § 1964(c), and otherwise as

14         permitted by law;

15      4.   For attorneys' fees under 42 U.S.C. § 1988,  18 U.S.C. § 1964(c), Cal.

16         Civ. Code § 3294, Cal. Gov. Code § 12965(b), Cal. Gov. Code §

17         53298.5, Cal. Code Civ. Proc. § 527.6, and otherwise as permitted by

18         law;

19      5.   For injunctive relief as described above; and

20      6.   For other appropriate relief.

22  Dated: February 3, 2015           Respectfully submitted,

                                      LAW OFFICES
OF STEVEN JAY BROCK, INC., APLC

By:  _____

                              Steven J. Brock, Esq.
                              Attorneys for Plaintiffs,
                              JERONIMO RODRIGUEZ
                              JOSEPH HILTNER

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. L.R. 38-1.

Dated: February 3, 2015

Respectfully submitted,

LAW OFFICES OF
STEVEN JAY BROCK, INC., APLC

By: _____
Steven J. Brock, Esq.
Attorneys for Plaintiffs,
JERONIMO RODRIGUEZ
JOSEPH HILTNER

LAW OFFICES OF
STEVEN JAY BROCK, INC.
A Professional Law Corporation

COMPLAINT FOR DAMAGES